# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| WILLIAM A GARDNER, III | § | Case No. 11-27439 |
| ROBIN C GARDNER | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

       Funds were disbursed in the following amounts:

       Payments made under an interim disbursement
       Administrative expenses
       Bank service fees
       Other payments to creditors
       Non-estate funds paid to 3rd Parties
       Exemptions paid to the debtor
       Other payments to the debtor

       Leaving a balance on hand of[1]                    $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Joji Takada_____
                                    Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 11-27439 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada |
|---|---|---|---|---|---|---|
| Case Name: | WILLIAM A GARDNER, III | | | | Date Filed (f) or Converted (c): | 06/30/2011 (f) |
| | ROBIN C GARDNER | | | | 341(a) Meeting Date: | 08/01/2011 |
| For Period Ending: | 01/10/2013 | | | | Claims Bar Date: | 12/19/2011 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. DEBTOR'S HOMESTEAD. LOCATION: 11960 FLAGSTONE, T | 610,000.00 | 0.00 | | 0.00 | FA |
| 2. RENTAL PROPERTY LOCATED AT 58979 SOUTH BEACH, DR | 1,004,000.00 | 0.00 | | 0.00 | FA |
| 3. CHECKING ACCOUNT LOCATED AT OLD PLANK TRAIL BANK | 11.00 | 0.00 | | 0.00 | FA |
| 4. PRINCIPAL BANK LOCATED IN DES MOINES IA | 100.00 | 0.00 | | 0.00 | FA |
| 5. HOUSEHOLD GOODS AND FURNISHINGS. | 2,000.00 | 0.00 | | 0.00 | FA |
| 6. PERSONAL CLOTHING | 500.00 | 0.00 | | 0.00 | FA |
| 7. U-PROMISE 529 COLLEGE TUITION PLAN FOR DEBTORS' | 3,800.00 | 0.00 | | 0.00 | FA |
| 8. AMERICAN FUNDS - COLLEGE AMERICA 529 COLLEGE TUI | 0.00 | 0.00 | | 0.00 | FA |
| 9. 401K PLAN - HUSBANND | 90,795.00 | 0.00 | | 0.00 | FA |
| 10. 2004 SIENNA TOYOTA (PASSENGER VAN) AUTOMOBILE. | 8,000.00 | 0.00 | | 0.00 | FA |
| 11. 2005 JEEP GRAND CHEROKEE | 3,500.00 | 811.00 | | 0.00 | FA |
| 12. 2005 TOYOTA SEQUOIA (@160,000 MILES) | 8,950.00 | 0.00 | | 0.00 | FA |
| 13. ACCOUNTS RECEIVABLE | 30,326.85 | 30,326.85 | | 30,326.85 | 0.00 |
| 14. Preference Payment to Debtor's Sister (u) | 6,000.00 | 6,000.00 | | 6,000.00 | 0.00 |
| 15. Preference Payment to American Express (u) | 20,000.00 | 20,000.00 | | 7,000.00 | 13,000.00 |
| 16. Sale of Stock | 738.81 | 738.81 | | 738.81 | 0.00 |
| 17. Prepetition income (u) | 0.00 | 50,000.00 | | 50,000.00 | 0.00 |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 1.03 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)   $1,788,721.66   $107,876.66   $94,066.69   $13,000.00

(Total Dollar Amount in Column 6)

---

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

09/02/11--Turnover letter sent to debtor's counsel re: $10,000 rental check.
09/29/11--Received/deposited $28656.69 in rental proceeds re: Hatteras property.
10/18/11--Correspondence with Debtor's counsel re: remaining rental payments due and owed to Debtors.
10/21/11--Draft demand letter re: fraudulent transfer to Debtor's sister.
11/04/11--Deposited remaining amount of rental proceeds re: Hatteras property.
11/07/11--Telephone conference with C. Foster re: acceptance of settlement of $6,000.00 fraudulent transfer to sister; Z. Zielinski to draft Motion to Appoint Counsel and 9019 Settlement Motion, and draft demand letter to American Express re: $20,000.00 in preference payments.
120711--DEADLINE TO OBJECT TO DISCHARGE EXTENDED TO 022912
121311--Court approved compromise of $6000 preference payment to Debtor's sister
122011--Court approved compromise of $7000 preference payment to American Express
011512--Telephone conference with Z. Zielinski re: accounting of Debtor's compensation and receipt of bonus post-petition

UST Form 101-7-TFR (5/1/2011)   *(Page: 3)*

Exhibit A

| | | | |
|---|---|---|---|
| RE PROP # | 1 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |
| RE PROP # | 2 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |
| RE PROP # | 3 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |
| RE PROP # | 4 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |
| RE PROP # | 5 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |
| RE PROP # | 6 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |
| RE PROP # | 7 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |
| RE PROP # | 8 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |
| RE PROP # | 9 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |
| RE PROP # | 10 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |
| RE PROP # | 11 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |
| RE PROP # | 12 | -- | Orig. Asset Memo: Imported from original petition Doc# 1 |

Initial Projected Date of Final Report (TFR): 06/30/2013     Current Projected Date of Final Report (TFR): 06/30/2013

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

Case No: 11-27439
Case Name: WILLIAM A GARDNER, III
ROBIN C GARDNER

Trustee Name: Joji Takada
Bank Name: The Bank of New York Mellon
Account Number/CD#: XXXXXX7865
Checking Account

Taxpayer ID No: XX-XXX8722
For Period Ending: 01/10/2013

Blanket Bond (per case limit):
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 09/26/11 | 13 | Surf or Sound Realty PO Box 100 Avon, NC 27915-0100 | Rents through July 2011 DEPOSIT CHECK #86129 | 1122-000 | $10,656.69 | | $10,656.69 |
| 09/26/11 | 13 | Surf or Sound Realty PO Box 100 Avon, NC 27915-0100 | Rents through July 2011 DEPOSIT CHECK #87492 | 1122-000 | $18,000.00 | | $28,656.69 |
| 09/30/11 | INT | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | $0.03 | | $28,656.72 |
| 09/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | $25.00 | $28,631.72 |
| 10/31/11 | INT | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | $0.24 | | $28,631.96 |
| 10/31/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | $56.87 | $28,575.09 |
| 11/01/11 | 13 | Surf or Sound PO Box 100 Avon, NC 27915-0100 | Final rental payment for 2011 DEPOSIT CHECK #88288 | 1122-000 | $1,670.16 | | $30,245.25 |
| 11/30/11 | INT | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | $0.24 | | $30,245.49 |
| 11/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | $65.72 | $30,179.77 |
| 12/30/11 | INT | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | $0.25 | | $30,180.02 |
| 12/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | $62.01 | $30,118.01 |
| 01/12/12 | 14 | William Gardner 11960 Flagstone Turn Frankfort, IL 60423 | Payment re: preferential transfer to Debtor's sister DEPOSIT CHECK #1531 | 1241-000 | $6,000.00 | | $36,118.01 |
| 01/31/12 | INT | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | $0.27 | | $36,118.28 |
| 01/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | $71.57 | $36,046.71 |
| 02/14/12 | | Transfer to Acct # xxxxxx5734 | Transfer of Funds | 9999-000 | | $36,046.71 | $0.00 |

| | COLUMN TOTALS | $36,327.88 | $36,327.88 |
|---|---|---|---|
| | Less: Bank Transfers/CD's | $0.00 | $36,046.71 |
| | Subtotal | $36,327.88 | $281.17 |
| | Less: Payments to Debtors | $0.00 | $0.00 |
| | Net | $36,327.88 | $281.17 |
| | Page Subtotals: | $36,327.88 | $36,327.88 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | |
|---|---|
| Case No: 11-27439 | Trustee Name: Joji Takada |
| Case Name: WILLIAM A GARDNER, III | Bank Name: Congressional Bank |
| ROBIN C GARDNER | Account Number/CD#: XXXXXX5734 |
| | Checking Account |
| Taxpayer ID No: XX-XXX8722 | Blanket Bond (per case limit): |
| For Period Ending: 01/10/2013 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/14/12 | | Transfer from Acct # xxxxxx7865 | Transfer of Funds | 9999-000 | $36,046.71 | | $36,046.71 |
| 02/23/12 | 15 | American Express 2401 W Behrend Drive Suite 55 Phoenix, Arizona 85027 | Preference avoidance | 1241-000 | $7,000.00 | | $43,046.71 |
| 02/28/12 | 16 | William Gardner 11960 Flagstone Turn Frankfort, Illinois 60423 | Proceeds from sale | 1129-000 | $738.81 | | $43,785.52 |
| 03/29/12 | 17 | William Gardner | Settlement funds Prepetition income | 1249-000 | $15,000.00 | | $58,785.52 |
| 05/03/12 | 17 | William Gardner | Non-exempt funds | 1249-000 | $35,000.00 | | $93,785.52 |
| 05/29/12 | 1001 | INTERNATIONAL SURETIES 701 Poydras St Suite 420 New Orleans, LA 70139 | Blanket Bond Premium | 2300-000 | | $14.05 | $93,771.47 |
| 07/23/12 | 1002 | Department of the Treasury Internal Revenue Service Center Cincinnati, Ohio 45999-0148 | Bankruptcy Estate Tax Payment | 2810-000 | | $2,753.00 | $91,018.47 |
| 07/23/12 | 1003 | Illinois Deparment of Revenue PO Box 19009 Springfield, Illinois 62794-9009 | Bankruptcy Estate Tax Payment | 2820-000 | | $1,563.00 | $89,455.47 |
| 09/18/12 | | State of Illinois | Bankruptcy Estate Tax Payment Refund from State of Illinois | 1124-000 | $16.40 | | $89,471.87 |
| 11/16/12 | | US Treasury | Bankruptcy Estate Tax Payment Refund re: Estate Tax Payment | 1124-000 | $7.39 | | $89,479.26 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $93,809.31 | $4,330.05 |
| Less: Bank Transfers/CD's | $36,046.71 | $0.00 |
| Subtotal | $57,762.60 | $4,330.05 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $57,762.60 | $4,330.05 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*

| | | |
|---|---:|---:|
| Page Subtotals: | $93,809.31 | $4,330.05 |

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---:|---:|---:|
| XXXXXX5734 - Checking Account | $57,762.60 | $4,330.05 | $89,479.26 |
| XXXXXX7865 - Checking Account | $36,327.88 | $281.17 | $0.00 |
|  | $94,090.48 | $4,611.22 | $89,479.26 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $0.00 |
|---|---:|
| Total Net Deposits: | $94,090.48 |
| Total Gross Receipts: | $94,090.48 |

Page Subtotals:    $0.00    $0.00

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:11-27439-BWB  
Debtor Name: WILLIAM A GARDNER, III  
Claims Bar Date: 12/19/2011  

Date: January 10, 2013

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $7,954.52 | $7,954.52 |
| 100 2200 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $0.00 | $0.00 |
| 100 2300 | INTERNATIONAL SURETIES<br>701 Poydras St Suite 420<br>New Orleans, LA 70139 | Administrative | | $0.00 | $14.05 | $14.05 |
| 100 2810 | Department of Treasury<br>Internal Revenue Service Center<br>Cincinnati, Ohio 45999-0148 | Administrative | | $0.00 | $0.00 | $2,753.00 |
| 100 2820 | Illinois Department of Revenue<br>PO Box 19009<br>Springfield, Illinois 62794-9009 | Administrative | | $0.00 | $0.00 | $1,563.00 |
| 100 3210 | Frank Gecker LLP<br>325 N. LaSalle Street, Suite 625<br>Chicago, Illinois 60654 | Administrative | | $0.00 | $21,905.00 | $21,905.00 |
| 100 3220 | Frank Gecker LLP<br>325 N. LaSalle Street, Suite 625<br>Chicago, Illinois 60654 | Administrative | | $0.00 | $71.14 | $71.14 |
| 100 3410 | Alan Lasko and Associates PC<br>29 South LaSalle Street<br>Suite 1240<br>Chicago, Illinois 60603 | Administrative | | $0.00 | $1,550.34 | $1,550.34 |
| 100 3420 | Alan Lasko and Associates PC<br>29 South LaSalle Street<br>Suite 1240<br>Chicago, Illinois 60603 | Administrative | | $0.00 | $0.00 | $0.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:11-27439-BWB  
Debtor Name: WILLIAM A GARDNER, III  
Claims Bar Date: 12/19/2011  

Date: January 10, 2013

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 8 280 5800 | INTERNAL REVENUE SERVICE P.O. Box 21126 Philadelphia, PA 19114 | Priority | | $17,753.00 | $17,753.00 | $17,753.00 |
| 1 300 7100 | DISCOVER BANK DB Servicing Corporation PO Box 3025 New Albany, OH 43054-3025 | Unsecured | | $11,179.00 | $10,657.91 | $10,657.91 |
| 2 300 7100 | BEVERLY BANK & TRUST COMPANY, N.A. c/o Lorenzini & Associates, Ltd.,1900 Spring Rd., Suite 501,Attn: Eric A. Free Oak Brook, IL 60523 | Unsecured | | $82,688.00 | $82,634.51 | $82,634.51 |
| 3 300 7100 | CHASE BANK USA N.A PO Box 15145 Wilmington, DE 19850-5145 | Unsecured | | $16,369.00 | $16,368.70 | $16,368.70 |
| 4 300 7100 | CHASE BANK USA N.A PO Box 15145 Wilmington, DE 19850-5145 | Unsecured | | $48,209.00 | $48,209.31 | $48,209.31 |
| 5 300 7100 | CAPITAL ONE BANK (USA), N.A. by American InfoSource LP as agent PO Box 71083 Charlotte, NC 28272-1083 | Unsecured | | $5,992.00 | $5,992.50 | $5,992.50 |
| 7 300 7100 | American Express Bank FSB c/o Becket and Lee LLP PO Box 3001 Malvern, PA 19355-0701 | Unsecured | | $0.00 | $7,000.00 | $7,000.00 |
| | Case Totals | | | $182,190.00 | $220,110.98 | $224,426.98 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-27439
Case Name: WILLIAM A GARDNER, III
              ROBIN C GARDNER
Trustee Name: Joji Takada

    Balance on hand        $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |
| Attorney for Trustee Fees: Frank Gecker LLP | $ | $ | $ |
| Attorney for Trustee Expenses: Frank Gecker LLP | $ | $ | $ |
| Accountant for Trustee Fees: Alan Lasko and Associates PC | $ | $ | $ |
| Other: Department of Treasury | $ | $ | $ |
| Other: Illinois Department of Revenue | $ | $ | $ |
| Other: INTERNATIONAL SURETIES | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses    $_____

    Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $          must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 8 | INTERNAL REVENUE SERVICE | $ | $ | $ |

Total to be paid to priority creditors $_____

Remaining Balance $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be          percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | DISCOVER BANK | $ | $ | $ |
| 2 | BEVERLY BANK & TRUST COMPANY, N.A. | $ | $ | $ |
| 3 | CHASE BANK USA N.A | $ | $ | $ |
| 4 | CHASE BANK USA N.A | $ | $ | $ |
| 5 | CAPITAL ONE BANK (USA), N. A. | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 7 | American Express Bank FSB | $ | $ | $ |

    Total to be paid to timely general unsecured creditors      $_____

    Remaining Balance      $_____


    Tardily filed claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent.

    Tardily filed general (unsecured) claims are as follows:

NONE


    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE